**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS RACHFORD, et al.,

    Plaintiff,

v.

AIR LINE PILOTS ASSOCIATION, et al.,

    Defendants.
_____/

No. C 03-1103 PJH

**ORDER GRANTING MOTION TO DISMISS**

       Before the court is the motion of defendant Air Line Pilots Association ("ALPA") for an order dismissing the first amended complaint as moot and motion for judgment on the pleadings. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

       Plaintiffs, a group of flight crewmembers formerly employed by Emery Worldwide Airlines ("EWA"), and represented by ALPA pursuant to a collective bargaining agreement ("CBA") between ALPA and EWA, filed this action on March 14, 2003, against ALPA, EWA, Emery Air Freight Corp. ("EWW"), and CNF, Inc. ("CNF"), following the cessation of operations of EWA. Plaintiffs filed the first amended complaint ("FAC") on April 8, 2003. In the FAC, plaintiffs seek declaratory and injunctive relief. CNF was dismissed from the case on July 21, 2003. EWW was dismissed on April 26, 2004. EWA was dismissed on October 25, 2005. Thus, ALPA is the sole remaining defendant.

       ALPA now seeks an order dismissing the FAC as moot, and to the extent that there are any claims asserted against it that are not moot, seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In the FAC, plaintiffs seek declaratory and injunctive relief in connection with two basic claims. First, they assert that they should be

permitted to be represented by separate non-ALPA counsel in arbitrations relating to the permanent shut-down of EWA.  Because ALPA has agreed to plaintiffs' request, this claim is moot, and the plaintiffs so agree.

Plaintiffs also assert in the FAC that the grievances filed by ALPA against EWA and EWW regarding the permanent shut-down should not be arbitrated, but rather heard by a court of law.  ALPA contends that this claim fails as a matter of law and should be dismissed.  Plaintiffs are willing to dismiss this claim, but argue that the dismissal should be without prejudice, in order to avoid any prejudicial effect on the claims asserted in Rachford v. ALPA, C-03-3618 PJH ("Rachford II").

ALPA contends that the federal courts have no jurisdiction to resolve the grievance filed by ALPA under its CBA with EWA, and that the System Board has exclusive jurisdiction.  ALPA also asserts that the federal courts have no jurisdiction to decide the grievance filed under the subcontracting letter of agreement ("LOA") between ALPA, EWA, and EWW, because the LOA contains a dispute resolution procedure requiring that any dispute that arises under the agreement shall be arbitrated.   Thus, ALPA argues, the dismissal should be with prejudice.

ALPA's argument is persuasive.  However, in view of the possibility that this jurisdictional question might arise in connection with the dispositive motions yet to be filed in Rachford II, the court finds that the dismissal of the claims against ALPA in the present case should be without prejudice to the question being raised in Rachford II, but with prejudice to the question being raised in all other respects.

Accordingly, the court hereby GRANTS ALPA's motion to dismiss the FAC.

**IT IS SO ORDERED.**

Dated: 12/30/05

PHYLLIS J. HAMILTON
United States District Judge